UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON L. APODACA, | Case No. 1:19-cv-01781-JDP |
| Plaintiff, | SCREENING ORDER |
| v. | FIRST AMENDED COMPLAINT DUE IN SIXTY DAYS |
| NANCY SEGRIEST, *et al.*, | ECF No. 1 |
| Defendants. | |

Plaintiff Aaron L. Apodaca is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff seeks to bring a lawsuit on behalf of himself and twenty-four other inmates for a wide variety of claims related to their medical care. Plaintiff has failed to state a claim and will be given leave to amend.

**SCREENING AND PLEADING REQUIREMENTS**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

1

identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**DISCUSSION**

Plaintiff's complaint has two broad problems. First, plaintiff has not alleged that any of the defendants were personally involved in providing him with deliberately indifferent medical care. To state a claim under § 1983, a plaintiff must show that a defendant, acting under color of state law, *caused* an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation, or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018). Here, plaintiff's complaint contains no specific allegations against any of the defendants except for Nancy Segriest. *See* ECF No. 1. Plaintiff alleges that defendant Nancy Segriest suggested that he could buy his own shoes when he complained of foot pain, but this allegation does not rise to the level of medical deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (explaining that a deliberate indifference to serious medical needs claim consists of two parts: (1) a "serious medical need" demonstrated by a failure to treat a prisoner's medical condition that could result in further significant injury or the unnecessary and wanton infliction of pain; and (2) "deliberate indifference"—demonstrated by (a) a purposeful

act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference).

Second, plaintiff is attempting to bring this lawsuit on behalf of both himself and twenty-four other prisoners. While a non-attorney may appear without counsel on his own behalf, it is well-established that "[h]e has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also Welch v. Terhune*, 11 F. App'x 747, 747 (9th Cir. 2001). It is also well-established that prisoners may not join claims to avoid the filing fee provisions of the Prison Litigation Reform Act. The Act requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). While plaintiff's motion to proceed in forma pauperis was granted, *see* ECF No. 14, each *individual* prisoner in a civil action must pay the filing fee. *See Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001).

Because of these defects, plaintiff must file a first amended complaint within sixty days of this order, if he wishes to proceed with this action. Any amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's own constitutional or other federal rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and the amended complaint must be complete on its face without reference to the prior pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. For the reasons stated above, plaintiff Apodaca should be the sole plaintiff. Should plaintiff Apodaca not wish to proceed

individually, he may voluntarily dismiss this action under Rule 41 of the Federal Rules of Civil Procedure.

**ORDER**

Accordingly,

1. Within sixty days from the service of this order, plaintiff must file a First Amended Complaint.

2. Failure to comply with this order will result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   May 11, 2020

UNITED STATES MAGISTRATE JUDGE

No. 204.