UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON L. APODACA,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY SEGRIEST, STEPHEN HITCHMAN, EMMANUEL CONANAN, S. GATES,<br><br>    Defendants. | Case No. 1:19-cv-01781-ADA-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE[1]<br><br>(Doc. No. 16)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

    Pending before the Court for screening under 28 U.S.C. § 1915A is Plaintiff's Second Amended Complaint. (Doc. No. 16). For the reasons set forth below, the undersigned recommends the district court dismiss the Second Amended Complaint because it fails to state any cognizable constitutional claim.

## SCREENING REQUIREMENT

    Plaintiff commenced this action while in prison and is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen any complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the Court to identify any cognizable claims and

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

dismiss the complaint, or any portion, if is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the Court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading could be cured by the allegation of other facts, the *pro se* litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, it is not the role of the Court to advise a *pro se* litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at

1131 n.13.

**SUMMARY OF OPERATIVE PLEADING**

On December 23, 2019, Plaintiff initiated this action by filing a complaint. (Doc. No. 1). The then-assigned magistrate judge screened Plaintiff's initial complaint and found that he failed to state an Eighth Amendment claim of medical deliberate indifference and afforded Plaintiff the opportunity to file an amended complaint. (Doc. No. 12). Plaintiff filed his first amended complaint which alleged an Eighth Amendment claim of medical deliberate indifference and violation of his due process rights. (Doc. No. 13, FAC). The undersigned screened Plaintiff's FAC and again found that it again failed to state a cognizable claim. (Doc. No. 15). The Court advised Plaintiff he could elect one of the following three options: (1) file a second amended complaint if he believes he can cure the deficiencies identified in the screening order; (2) stand on his FAC and the court will issue a report and recommendation that the court dismiss this action under § 1915A, which would count as a strike against plaintiff for purposes of § 1915(g); or (3) voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i) to avoid the strike. (*Id*. at 9). Plaintiff elected to file a Second Amended Complaint. (Doc. No. 16, SAC).

The events complained of in the SAC occurred while Plaintiff was confined at Avenal State Prison. (Doc. No. 16 at 2-3). The SAC alleges an Eighth Amendment deliberate indifference claim and due process claim and identifies the following Defendants: (1) Nancy Segriest, Nurse Practitioner; (2) Stephen Hitchman, Physician Assistant; (3) Emmanuel Conanan, Chief Physician and Surgeon; and (4) S. Gates, Chief California Correctional Health Care Services. (*Id*.). Plaintiff alleges the following facts in support of his claim.

On May 24, 2019, Plaintiff submitted a medical request form because he was experiencing pain in his feet, knees, and lower back and suspected it was "more serious than a[r]ches." (Doc. No. 16 at 4). On June 7, 2019, Plaintiff saw Defendant Segriest and told her that he wanted a referral to see a "foot specialist" because he had received insoles in the past and wanted to determine "what issues were truly effecting [sic] him." (*Id*. at 4). Plaintiff complains his pain is "getting worse" causing him "to walk gingerly." (*Id*.). After examining Plaintiff's feet, knees and back and performing mobility stretches, Defendant Segriest denied Plaintiff's request for

insoles but advised him he could buy personal shoes. (*Id*. at 4-5). Plaintiff states Segriest has "no known medical expertise in foot, knee, or back pain" and his appointment ended when he asked Defendant Segriest for her credentials and mentioned x-rays to rule out a stress fracture. (*Id*. at 4-5).

On December 18, 2019, Plaintiff saw Defendant Hitchman. (*Id*.). Defendant Hitchman denied Plaintiff's request for insoles and informed him that his medical records stated he no longer needed insoles. (*Id*. at 5-6). Plaintiff takes issue with Defendant Hitchman's decision because, as a Physician Assistant, Hitchman should have consulted with a supervisory doctor on the telephone before making his decision. (*Id*. at 5). Plaintiff's appointment with Defendant Hitchman ended when Plaintiff asked for Hitchman's supervising doctor. (*Id*. at 5). In an argumentative diatribe, Plaintiff states Hitchman had no medical justification to take away his insoles and insists he did so only because he "question[ed] a person with a God-complex." (*Id*. at 6).

Plaintiff attributes liability to Defendant Conanan because he is the Chief Physician and Surgeon and is responsible for supervising Defendants Segriest and Hitchman and "must sign off" on their decisions. (*Id*.). Plaintiff attributes liability to Defendant Gates because he signed off on the final denial of Plaintiff's grievance. (*Id*. at 6-7). Plaintiff argues, Defendant Gates is not a medical professional and therefore he did not have the required training or background to decide Plaintiff's grievance. (*Id*.). As a result, Plaintiff claims the grievance process was not conducted correctly and thus denied Plaintiff his due process rights. (*Id*.).

As relief, Plaintiff seeks injunctive relief—to be sent to a foot specialist, and $5,000,000.00 in punitive damages. (*Id*. at 9).

**APPLICABLE LAW AND ANALYSIS**

**A. No Eighth Amendment Medical Deliberate Indifference Claim**

Deliberate indifference to the serious medical needs of an incarcerated person constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A finding of "deliberate indifference" involves an examination of two elements: the seriousness of the plaintiff's medical need (determined objectively) and the nature

1  of the defendant's response (determined by defendant's subjective state of mind).  *See McGuckin*
2  *v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds, WMX Technologies,*
3  *Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).  On the objective prong, a "serious"
4  medical need "include the existence of an injury that a reasonable doctor or patient would find
5  important and worthy of comment or treatment; the presence of a medical condition that
6  significantly affects an individual's daily activities; or the existence of chronic and substantial
7  pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014; *Lopez v. Smith,* 203 F.3d 1122,
8  1131 (9th Cir. 2000).  The subjective prong requires a showing that a prison official knew of and
9  disregarded a serious risk of harm.  *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  Such
10 indifference may appear when a prison official intentionally denies or delays care, or intentionally
11 interferes with treatment once prescribed.  *Estelle,* 429 U.S. at 104-05.

12       If an official fails to recognize a risk to the plaintiff—that is, the official "*should* have
13 been aware" of a risk, but in fact was not—the official has not violated the Eighth Amendment.
14 *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 668 (9th Cir. 2021) (emphasis in original).  That is
15 because deliberate indifference is a higher standard than medical malpractice.  Thus, a difference
16 of opinion between medical professionals—or between the plaintiff and defendant—generally
17 does not amount to deliberate indifference.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir.
18 2004).  An argument that more should have been done to diagnose or treat a condition generally
19 reflects such differences of opinion and not deliberate indifference.  *Estelle*, 429 U.S. at 107.  To
20 prevail on a claim involving choices between alternative courses of treatment, a plaintiff must
21 show that the chosen course "was medically unacceptable under the circumstances," and was
22 chosen "in conscious disregard of an excessive risk" to the plaintiff's health.  *Hamby v.*
23 *Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

24       Neither will an "inadvertent failure to provide medical care" sustain a claim, *Estelle*, 429
25 U.S. at 105, or even gross negligence, *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d
26 1062, 1082 (9th Cir. 2013).  Misdiagnosis alone is not a basis for a claim of deliberate medical
27 indifference.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).  A delay in treatment,
28 without more, is likewise insufficient to state a claim.  *Shapley v. Nevada Bd. of State Prison*

*Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). It is only when an official both <u>recognizes</u> and <u>disregards</u> a risk of substantial harm that a claim for deliberate indifference exists. *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc). A plaintiff must also demonstrate harm from the official's conduct. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). And the defendant's actions must have been both an actual and proximate cause of this harm. *Lemire*, 726 F.3d at 1074.

The SAC fails to state an Eighth Amendment medical deliberate indifference claim against any of the named Defendants. First, Plaintiff fails to identify a serious medical condition. Other than vaguely complaining that he must "walk gingerly" or the level of pain while "constant" waxes and wanes, Plaintiff fails to identify the exact nature of his medical condition other than to imply at some unspecified point in time he had insoles and suspects the pain he is experiencing is not due to his arches. Even affording Plaintiff the benefit that his allegations of constant pain constitute a serious medical need, *McGuckin v. Smith,* 974 F.2d at 1059-60, the SAC fails to allege facts that Defendants Segriest and Hitchman exhibited deliberate indifference. Plaintiff acknowledges both Defendants Segriest and Hitchman examined him and afterwards determined that he did not require insoles, x-rays or a referral to an outside foot specialist. Even if Plaintiff previously had been prescribed insoles, Defendants Segriest and Hitchman's determination that he no longer required insoles amounts to no more than a disagreement over the suitable course of medical care, which does not plausibly allege an Eight Amendment deliberate indifference claim. *See Estelle*, 429 U.S. at 105-07; *Chatman v. Cambero*, No. 21-CV-283 JLS (MDD), 2021 WL 4993047, at *3–4 (S.D. Cal. Oct. 27, 2021) (finding cancellation of orthopedic boots and insoles prescribed years earlier amounts to only difference of medical opinion); *Gachett v. McCabe*, No. 1:13-cv-00172-MJS PC, 2013 WL 593713, at * 3-4 (E. D. Ca. Feb. 14, 2013)(the court does not substitute its judgment for prison medical provider's decision not to provide orthotic boots for severe foot pain and prisoner's disagreement with physician's course of treatment does not rise to deliberate indifference). Further, there are no allegations in the SAC that not providing Plaintiff with insoles or referring him to an outside foot specialist created a serious risk to Plaintiff's health and safety. Plaintiff merely disagrees with Defendants Segriest

1  and Hitchman's assessment of his medical condition, which does not amount to deliberate
2  indifference.  *Colwell v. Bannister*, 763 F.3d at 1068 ("A difference of opinion between a
3  physician and the prisoner-or between medical professionals-concerning what medical care is
4  appropriate does not amount to deliberate indifference.").

5  Additionally, Plaintiff's statements that Defendants were not medically qualified to assess
6  his medical issues with his feet or that Defendant Hitchman denied him insoles because of his
7  "God Complex" are conclusory.[2]  The Court is not required to accept Plaintiff's conclusory
8  allegations and unreasonable inferences as true.  *See Western Mining Council*, 643 F.2d at 624.

### B.  No Supervisory Liability Under § 1983.

Plaintiff's claims against Defendant Conanan are premised solely on his position as
Defendant Hitchman's supervisor.  Liability under section 1983 arises only upon a showing of
personal participation by the defendant.  "There is no respondeat superior liability under section
1983."  *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989) (citations omitted).  A supervisor is
only liable for constitutional violations of his subordinates if the supervisor participated in
or directed the violations or knew of the violations and failed to act to prevent them.  *Id*., *see also*
*Starr v. Baca,* 652 F.3d 1202, 1206–07 (9th Cir. 2011).  Plaintiff's SAC is devoid of any fact that
Defendant Conanan was personally involved in the decision to deny Plaintiff insoles or referral to
an outside foot specialist.  Thus, the SAC fails to state a § 1983 claim against Defendant
Conanan.

### B.  No Due Process Violation Stemming from Grievance Process

Liberally construed, Plaintiff claims Defendant Gates violated his due process rights
because Defendant Gates is not a medical professional and therefore is not qualified to respond to
health care appeals.

Inmates lack a constitutional right to a grievance procedure and there are no constitutional
requirements regarding how a grievance system is operated, even if plaintiff believes the process
to be unfair or not accurate.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing

---

[2] The SAC contains a lone statement that insoles are provided for cost purposes only to inmates who have some sort of deformity.  Plaintiff does not otherwise expand on this policy or attribute it to any named Defendant.

*Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("there is no legitimate claim of entitlement to a [state prison] grievance procedure."). Thus, without a constitutionally protected interest there can be no due process claim against Defendant Gates stemming from his role in Plaintiff's administrative appeal.

## FINDINGS AND RECOMMENDATIONS

Based on the above, the undersigned finds Plaintiff's SAC fails to state a cognizable claim against any of the Defendants. Plaintiff had multiple opportunities to cure the deficiencies. (*See* Doc. Nos. 13, 16). Despite the undersigned's warnings in the screening order, Plaintiff failed to cure any of the identified deficiencies, but instead filed a SAC essentially reiterating his FAC. The undersigned warned Plaintiff that he must show Defendants' course of treatment was "medically unacceptable" and that Defendants chose the course of treatment in "conscious disregard of an excessive risk to his health." *Hamby*, 821 F.3d at 1092; (*see* Doc. 15 at 7-8). The undersigned also explained to Plaintiff that a mere difference of opinion was not enough to state a medical deliberate indifference claim. (*See* Doc. No. 15 at 7-8). Despite guidance from the Court, Plaintiff still was unable to state an Eight Amendment medical deliberate indifference claim. Plaintiff was also warned that there is no *respondeat superior* liability in § 1983 cases and that he must allege facts that show how each Defendant personally participated in the deprivation of his rights. (*Id.* at 9:7-10). Again, despite the Court's guidance, Plaintiff realleged a *respondeat superior* claim. Finally, Plaintiff was advised in the Court's last screening order that prisoners do not have a constitutional right to a grievance procedure. (*Id.* at 8:14-27). Plaintiff ignored the Court's explanation and alleges the same due process claim. Plaintiff's continued filing of the same claims demonstrates that he cannot cure the deficiencies identified above. Thus, the undersigned recommends the district court dismiss the SAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

Accordingly, it is **RECOMMENDED**:

The SAC be dismissed under § 1915A for failure to state a claim.

1 **<u>NOTICE TO PARTIES</u>**

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     March 1, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE